**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| HUNTER'S EDGE, LLC, a limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  Case No. 1:14-cv-00249-MHT-WC ) |
| PRIMOS, INC., a corporation, | ) ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Defendant's Motion for Attorneys' Fees (Doc. 56) and supporting Memorandum (Doc. 57). On October 22, 2015, the District Judge entered an Order (Doc. 58) referring this matter to the undersigned Magistrate Judge "for consideration and recommendation on the motion for attorneys' fees." Plaintiff has filed a Response (Doc. 60) in opposition to the motion, and Defendant has filed a Reply (Doc. 61). The matter is fully briefed and is ripe for recommendation to the District Judge. For all of the following reasons, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant's Motion for Attorney's Fees (Doc. 56) be GRANTED and that attorneys' fees in an amount found reasonable by the court be awarded to Defendant.

## I.     RELEVANT FINDINGS OF FACT[1]

Plaintiff first raised the issue of Defendant's alleged infringement on two of its design patents in 2009. Foster Dec. (Doc. 57-1) at ¶ 4. Defendant, through patent counsel, considered Plaintiff's arguments, researched publicly-available prior art, and informed Plaintiff of its belief that Plaintiff's patents were invalid and that, even if they were valid, Defendant's products did not infringe. *Id.* ¶¶ 4-5. There were no further communications regarding Plaintiff's claims of patent infringement until Plaintiff filed this suit in 2014. *Id.* at ¶ 8.

Early in the course of litigation, when the parties were conducting their Rule 26(f) scheduling conference, counsel for Defendant advised Plaintiff's counsel of Plaintiff's 2009 communications with Defendant and further conveyed his strong belief that Plaintiff's claims were without merit. *Id.* at ¶ 10. Defendant's counsel requested that Plaintiff's counsel dismiss the lawsuit and "consult with experienced patent counsel to confirm that Hunter's Edge's claims did not have any merit." *Id.* at ¶ 11. Plaintiff's counsel refused to do so. Prior to filing the motion for summary judgment, Defendant's

---

[1]   The undersigned discusses in this section only those facts germane to resolution of the pending Motion for Attorneys' Fees. For more general information about this litigation, including a discussion of Plaintiff's claims and the relevant fact findings informing the court's judgment in this matter, please see the undersigned's Recommendation (Doc. 53) of September 8, 2015, which was adopted by the District Judge without objection on September 28, 2015. The instant findings of fact are drawn from the record in this case, including the Declaration (Doc. 57-1) of Defendant's attorney, Brett L. Foster, which is attached as an exhibit to Defendant's Memorandum (Doc. 57) in support of the Motion for Attorneys' Fees. Although Plaintiff has responded in opposition to the motion, Plaintiff has not opposed or otherwise challenged Defendant's specific assertions of fact. Nor, for the most part, has Plaintiff offered any set of facts in support of its position with respect to the Motion for Attorneys' Fees.

counsel contacted Plaintiff's counsel and again advised counsel of the reasons that he believed Plaintiff's claims lacked merit and that Defendant was prepared to move for summary judgment, which it believed was highly likely to be granted. *Id.* at ¶ 13. Defendant's counsel recalls the pertinent points of the conversation as follows:

> I indicated that if Hunter's Edge forced the Court to rule on Primos' motion for summary judgment and enter judgment in Primos' favor, Primos would seek attorneys' fees under the "exceptional" case standard in the Patent Act. At that time, I made the following offer: if Hunter's Edge dismissed the case with prejudice, Primos would not seek attorneys' fees.

*Id.* Plaintiff's counsel refused the offer, and Defendant proceeded to move for summary judgment.

In recommending that Defendant's motion for summary judgment be granted, the undersigned noted the "general insufficiency of Plaintiff's response to Defendant's motion for summary judgment." Recommendation (Doc. 53) at 15 n.6. The undersigned observed as follows:

> The court's Order (Doc. 42) instructing Plaintiff to respond directed Plaintiff to "address each of Defendant's material factual and legal contentions or explain why it is unable to do so." Given the relatively early stage in the proceedings at which summary judgment was sought, the court further instructed that, "[i]n the event that Plaintiff contends it is unable to present facts to justify any opposition to the motion, Plaintiff shall propose how the court may fairly and efficiently apply the provisions of Rule 56(d) of the Federal Rules of Civil Procedure in this instance."
>
> Plaintiff's response does none of these things. Plaintiff's response to Defendant's sixty-nine page brief in support of summary judgment totals just over four pages. While the court does not mean to imply that insufficiency can be derived merely from the disparity in the number of pages, it is no great stretch to imagine that four pages simply is not enough to respond to all of the "material factual and legal contentions" packed into

3

> sixty-nine pages of briefing. Worse, still, is that the four pages of briefing are utterly devoid of meaningful analysis on any of the points of fact or law raised by Defendant. The response consists entirely of roughly one page describing the summary judgment standard of Rule 56, quotations from two statutes, a brief statement of undisputed facts about Mr. Bulger's efforts to secure his design patents, three sentences of "Argument," and a conclusion. Pl.'s Br. (Doc. 45).
>
> Plaintiff's "Argument" is simply that "Defendant has failed to show that there is no genuine issue of material fact which entitles it to Summary Judgment." *Id*. at 4. Indeed, Plaintiff submits that "Defendant has by its very submissions, demonstrated that there are genuine issues to material facts. Summary Judgment is also improper at this time given that discovery has not yet begun." *Id*. Plaintiff does not cite to "particular parts of materials in the record" to support its assertion that there are material factual disputes. Fed. R. Civ. P. 56(c)(1)(A). Nor does Plaintiff "show" or even support its conclusory assertion that the materials cited by Defendant "do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1)(B). Nor does Plaintiff, despite this court's clear instruction, indicate why it is unable to respond to Defendant's factual assertions for purposes of applying Rule 56(d). Notably, Plaintiff may not simply argue that summary judgment is premature because "discovery has not yet begun." Pl.'s Br. (Doc. 45) at 4. Rather, Rule 56(d) requires the nonmovant to show, by declaration or affidavit, that "it cannot present facts essential to justify its opposition" to the motion for summary judgment. Plaintiff has made no such showing. Most damning, however, is that Plaintiff has presented no legal argument about the three separate grounds on which Defendant seeks summary judgment. The [response] is devoid of analysis, or even a citation, of a single case applying design patent law.

*Id*. As mentioned above, Plaintiff did not object to the Recommendation prior to its adoption by the District Judge and entry of judgment.

## II.    THE EXCEPTIONALITY STANDARD

Section 285 of the Patent Act, codified at 35 U.S.C. § 285, states, simply, that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The Supreme Court's decision in *Octane Fitness, LLC v. ICON Health & Fitness,*

4

*Inc.*, _ U.S. _, 134 S.Ct. 1749 (2014), controls a district court's determination of when a case is "exceptional" and, hence, when a prevailing party in a patent infringement suit is entitled to the recovery of attorneys' fees.  At the outset, it should be noted that, by overruling the Federal Circuit's "rigid and mechanical," *id.* at 1754, construction of "exceptional" in prior cases,[2] and by relaxing a prevailing party's evidentiary burden in requesting an award of fees, *Octane Fitness* undoubtedly signifies the Supreme Court's judgment that the "holistic" approach to deciding exceptionality adopted in that case is more broad than the prior test and, consequently, is prone to reach more cases because it restores the equitable nature of the inquiry rather than constraining district courts to apply the "unduly rigid" standard of the Federal Circuit's prior test.  *Octane Fitness*, 134 S.Ct. at 1755; *id.* at 1758 (rejecting *Brooks Furniture* standard because "[i]t is so demanding that it would appear to render § 285 largely superfluous").

> The rule announced in *Octane Fitness* is clear:
>
> We hold, then, that an "exceptional" case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.  District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.  As in the comparable context of the Copyright Act, "'[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'"  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

---

[2]  *See, e.g., Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005) (holding that cases are "exceptional" only "when there has been some material inappropriate conduct" or "if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless").

5

*Id.* at 1756 (footnote omitted).  District Courts are encouraged to consider several non-exclusive factors in evaluating the totality of the circumstances, including "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"  *Id.* at n.6 (quoting *Fogerty*, 510 U.S. at 534).  Importantly, as to the conduct (whether in litigation or otherwise) of a party, "sanctionable conduct is not the appropriate benchmark."  *Id.* at 1757.  Rather, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees."  *Id.*  Moreover, the Court expressly abandoned the notion that a case is not "exceptional" unless it is established "*both* that the litigation is objectively baseless *and* that the plaintiff brought it in subjective bad faith."  *Id.* (emphasis in original).  Instead, "a case presenting *either* subjective bad faith *or* exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award."  *Id.* (emphasis supplied).

Apart from relaxing the unduly "rigid" restraints on a district court's exercise of discretion under § 285, as a practical matter, *Octane Fitness* establishes that the prevailing party's evidentiary burden to establish exceptionality under the statute is less onerous than what was previously required:

> [W]e reject the Federal Circuit's requirement that patent litigants establish their entitlement to fees under § 285 by "clear and convincing evidence,"

6

> *Brooks Furniture*, 393 F.3d, at 1382. . . . [N]othing in § 285 justifies such a high standard of proof.  Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less such a high one. Indeed, patent-infringement litigation has always been governed by a preponderance of the evidence standard, *see, e.g., Bene v. Jeantet*, 129 U.S. 683, 688 (1889), and that is the "standard generally applicable in civil actions," because it "allows both parties to 'share the risk of error in roughly equal fashion,'" *Herman & MacLean v. Huddleston*, 459 U.S. 375, 390 (1983).

*Id.* at 1758.

### III.  DISCUSSION

This court must determine whether Defendant has shown, by a preponderance of the evidence, that this case is exceptional considering the totality of the circumstances surrounding the strength of Plaintiff's case and the reasonableness with which the case was litigated.  For the reasons that follow, the undersigned is compelled to conclude that, indeed, this is an exceptional case.

The undersigned first considers whether this case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case)[.]"  *Octane Fitness*, 134 S.Ct. at 1756.  In order to prove exceptionality under this consideration, Defendant must show more than simply that Plaintiff's position in this case was not ultimately correct or successful.  *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015).  Rather, the court's inquiry is whether "a party's litigating position was . . . so merit-less as to 'stand out' from the norm and, thus, be exceptional."  *Id.*

The undersigned has little choice but to conclude that this case "stands out" for the

7

exceptional lack of merit of Plaintiff's position. The undersigned's Recommendation (Doc. 53), which was not objected to by Plaintiff, speaks for itself and need not here be fully recapitulated. In short, even putting aside Defendant's very compelling arguments about the invalidity of Plaintiff's design patents, for the reasons stated in the Recommendation, given the "markedly dissimilar" appearance of the claimed and accused designs, "no reasonable fact-finder could find that an ordinary observer would purchase Defendant's accused products mistaking them for Plaintiff's claimed designs[.]" Recommendation (Doc. 53) at 15, 16. This conclusion would be obvious to any reasonable person merely by comparing the design of the accused products with Plaintiff's claimed designs while informed with only a cursory understanding of the correct test to be applied in considering a claim of design patent infringement. As such, not only is Plaintiff's infringement claim lacking in merit, it is baseless. Where a party's position is "baseless," a district court is justified in finding the case exceptional. *Lumen View Tech., LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016).

Apart from the baselessness of Plaintiff's infringement claim, the undersigned can conceive of no greater indicator of the "the substantive strength of" Plaintiff's "litigating position (considering both the governing law and the facts of the case)," *Octane Fitness*, 134 S.Ct. at 1756, than the fact that Plaintiff has failed to properly support its infringement claim with any cogent argument. *See, e.g., Net Talk.com, Inc. v. Magic Jack Volcatec Ltd.*, No. 12-cv-81022-GAYLES/Turnoff, 2015 WL 10015379, at *3 (S.D. Fla. Nov. 20, 2015) (quoting *Small v. Implant Direct Mfg., LLC*, No. 06-CIV-683 (NRB),

2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014)) (noting that district courts are in the early stages of interpreting *Octane Fitness*, but that "courts have been reluctant to award fees where a plaintiff has[] 'set forth some good faith argument in favor of its position'"). One searches in vain for any such "good faith argument" offered by Plaintiff in this case. As noted in the Recommendation, Doc. 53 at 15-16 n.6, Plaintiff's response to Defendant's motion for summary judgment does not discuss how Defendant's accused designs actually infringe its claimed designs, and does not cite even one case in the area of design patent infringement law in support of Plaintiff's infringement claim.  Nor, after the undersigned issued the Recommendation finding Plaintiff's infringement claim wholly unsupported by fact or law, did Plaintiff marshal any argument—factual or legal—in response to the Recommendation.  Because Plaintiff essentially failed to present any colorable argument in support of its infringement claim, a finding of exceptionality is warranted under *Octane Fitness*. *See Donut Joe's, Inc. v. Interveston Food Servs., LLC*, 116 F. Supp. 3d 1290, 1293-94 (N.D. Ala. 2015) (finding case exceptional under *Octane Fitness*, in analogous trademark infringement claim pursuant to the Lanham Act, where plaintiff "offered extremely weak arguments to establish" its claim and relied only on the fact that the Patent and Trademark Office registered the trademark to argue that summary judgment was precluded).

   In addition to presenting an exceptionally meritless claim, a case may be found exceptional under *Octane Fitness* if it is litigated in an unreasonable manner.  *Octane Fitness*, 134 S.Ct. at 1756.  Defendant has articulated several bases, largely unrebutted by

Plaintiff, upon which the court might conclude that Plaintiff litigated this case unreasonably. *See* Def.'s Mot. (Doc. 57) at 25-28. While the undersigned does not necessarily find any particular piece of Plaintiff's litigation conduct sanctionable, considered cumulatively, the undersigned concludes that this case is exceptional on that basis as well. There is no evidence, whether presented directly by Plaintiff or that could be inferred from Plaintiff's arguments in this case, that Plaintiff's counsel undertook even a cursory investigation of Plaintiff's infringement claim prior to filing suit. Plaintiff then filed a complaint which failed to identify any particular design or product of Defendant's which purportedly infringed on its patent. When Plaintiff's counsel was placed on notice, repeatedly, of the apparent lack of merit of Plaintiff's infringement claim, Plaintiff persisted in pressing its claim and thereby forced Defendant to file for summary judgment. Then, in response to the motion for summary judgment, and in open disregard for the terms of this court's Order (Doc. 42), Plaintiff filed a patently insufficient response to which it attached a declaration that, as the Recommendation explains (*see* Doc. 53 at 14), actually demonstrated the baselessness of Plaintiff's infringement claim.[3]

---

[3]   Given the stakes, it is confounding, yet not terribly surprising, that, in keeping with the character of Plaintiff's response to summary judgment, Plaintiff's response in opposition to the motion for attorneys' fees is not effective in challenging Defendant's motion. The response does not present much in the way of cogent legal argument or even, as a practical matter, a spirited and detailed defense of counsel's viewpoint and conduct in this case. For example, the response appears to wonder—for no discernible reason—"whether particular motions must be made before a case is considered 'exceptional', or if there are certain cases that automatically qualify for attorney fees under § 285." Pl.'s Resp. (Doc. 60) at 1. For Plaintiff, the fact that a federal judge in Texas did not award attorneys' fees to a defendant prevailing at trial because the defendant could have moved for summary judgment "leads to an inevitable question about where it is necessary to use a motion for summary judgment in order to build a case for exceptionality."

Based on the record of litigation conduct detailed above, the undersigned concludes that this case is exceptional. Moreover, even if Plaintiff's conduct were not so unreasonable as to render this case exceptional, when considered together with the exceptional lack of merit of Plaintiff's infringement claim, the equitable, "holistic" approach required by *Octane Fitness* compels the undersigned to conclude that, considering the totality of the circumstances, Defendant has proved by a preponderance of the evidence that this case is exceptional within the meaning of § 285. Accordingly, the Magistrate Judge hereby

---

*Id.* at 1-2. Then, Plaintiff notes another case for the unremarkable proposition that a party winning on summary judgment "may not be sufficient alone to render a case 'exceptional.'" *Id.* at 2. The undersigned struggles to follow Plaintiff's reasoning: is Plaintiff arguing that winning (or losing) on summary judgment should preclude (or not) an award of attorneys' fees? In any event, if *Octane Fitness* means anything it is that there is no "rigid" test—such as whether a party filed (or did not) or won (or lost) summary judgment—for determining whether a case is exceptional. Rather, as stated in this Recommendation, the district court is to undertake a "holistic" examination of the totality of the circumstances to reach that determination.

Unfortunately, Plaintiff's response largely fails to engage in this required analysis. Plaintiff denies having committed "material inappropriate conduct." Pl.'s Resp. (Doc. 60) at 2 (quotation omitted). However, as set forth in this Recommendation, that circumstance, even if true, is not dispositive. Plaintiff further denies having pressed its case beyond the point where it knew or should have known "that its claims are meritless." *Id.* at 3. However, Plaintiff fails, just as it did in its response to summary judgment, to provide the court with any explanation for why it ever believed its infringement claim was colorable, much less meritorious. The only arguable explanation hinted at in Plaintiff's response is that "Mr. Bulger [the owner of Hunter's Edge and the person who obtained the claimed design patents] has two valid patents that he believed were being infringed by the Defendants." *Id.* The court does not question the veracity of this statement or the sincerity of Mr. Bulger's beliefs. But it was Plaintiff's counsels' obligation to reasonably investigate Plaintiff's claim and, where the law does not support his "beliefs," disabuse him of such notions rather than haul Defendant into federal court to defend against baseless infringement claims. Because counsel did not do this, and because counsel also failed to articulate any viable legal argument in support of Plaintiff's claim, counsels' unsubstantiated and self-serving assertion that Plaintiff's attorneys "did pre-filing investigation, developed the case in good faith and litigated to the best of their ability" rings hollow and is not sufficient to defeat a finding of exceptionality.

11

RECOMMENDS that Defendant's Motion for Attorneys' Fees (Doc. 56) be GRANTED and that attorneys' fees in an amount found reasonable by the court be awarded to Defendant.[4] It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 20, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a

---

[4] Apart from failing to cogently rebut Defendant's argument about exceptionality, Plaintiff's response fails to argue why, even if this case is exceptional, equitable reasons nevertheless disfavor an award of attorneys' fees in this instance. The language of § 285—"[t]he court in exceptional cases *may* award reasonable attorney fees"—makes clear that this is a separate consideration. *See, e.g., Icon Health & Fitness v. Octane Fitness, LLC*, 576 F. App'x 1002, 1005 (Fed. Cir. 2014) ("The Supreme Court's decision in *Octane* did not, however, revoke the discretion of a district court to deny fee awards even in exceptional cases."). Given the strength of Defendant's exceptionality argument, Plaintiff probably should have made some last ditch effort in this regard. However, the response is lacking in any such argument and the undersigned will not conjure one on Plaintiff's behalf.

final order of the court and, therefore, it is not appealable.

    DONE this 6th day of September, 2016.

                                                                    */s/* Wallace Capel, Jr.
                                                                      UNITED STATES MAGISTRATE JUDGE